UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

    v.

TALLY YOUNG COSMETICS, LLC
And MARGARET MUHLEDER,
Individually,

        Defendants.

-----------------------------------------------------------X

09 CV 4804 (SJ) (JO)

<u>ORDER ADOPTING
REPORT AND
RECOMMENDATION</u>

A P P E A R A N C E S

HILDA L. SOLIS
Secretary of Labor
United States Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, NY 10014
By:   Darren Cohen
        Molly Knopp Biklen
Attorneys for Plaintiffs

JOHNSON, Senior District Judge:

      Secretary of Labor Hilda Solis (the "Secretary") brought this action, pursuant to §§ 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA") against defendants Tally Young Cosmetics,

1

P-049

LLC ("Tally Young") and Margaret Muhleder (collectively, "Defendants"). (Compl. Intro. ¶.) The Complaint alleges that Defendants failed to pay their employees the minimum wage and overtime rates required pursuant to Sections 6, 7, and 15(a)(2) of the FLSA. Defendant, who is not represented by counsel in this matter, was properly served but never responded to the Complaint or the Amended Complaint and failed to appear before the Court in connection with this case. The Secretary moved for entry of default judgment. The Certificate of Default was entered on March 16, 2010. (Docket No. 8.)

On March 29, 2010, the motion was referred to Magistrate Judge James Orenstein for a Report and Recommendation ("Report"). Magistrate Judge Orenstein set a briefing deadline for the Secretary to support the motion, and ordered the Secretary to send a copy of the Order to Defendants and to file an affidavit of service. Said affidavit was filed on March 30, 2010, yet no response was filed by Defendants. On June 3, 2010, Magistrate Judge Orenstein presided over an inquest to determine the Secretary's damages.

On March 4, 2011, Magistrate Judge Orenstein issued a Report recommending that this Court: (1) award damages in the amount of $34,732.82 (consisting of $17,366.41 in unpaid wages and overtime and $17,366.41 in liquidated damages); (2) enjoin Defendants from withholding the damages award; (3) require Defendants to produce within 30 days of judgment contact information for all employees who worked at Tally Young after November 2006 as well as

P-049

employment records from September 2008; (4) permit the Secretary to seek a supplemental award on the basis of such information; and (5) deny the remainder of the Secretary's requests for relief. (Report at 32–33 (Docket No. 21).) Magistrate Judge Orenstein also ordered the Secretary to serve a copy of the Report on each defendant; an affidavit of service was filed on March 8, 2011. The Secretary timely filed objections to Magistrate Judge Orenstein's recommendations on March 17, 2011.

## DISCUSSION

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 14 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. If either party objects to the magistrate judge's recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See id.; see also United States v. Tortora, 30 F.3d 334, 337 (2d Cir. 1994). A de novo determination entails an independent review of all objections and responses to the magistrate's findings and recommendations. See, e.g., Tortora, 30 F.3d at 337–38; cf. Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1045 (2d Cir. 1992). The Court,

3

however, does not need to rehear contested testimony in order to make its determination. United States v. Ten Cartons Ener-B Nasal Gel, 888 F. Supp. 381, 390 (E.D.N.Y.), aff'd, 72 F.3d 285 (2d Cir. 1995).

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, the Secretary objects only to the recommendation denying her request for a prospective injunction enjoining Defendants from violating the minimum wage, overtime and recordkeeping provisions of the FLSA. (See Def. Obj. 1.) Plaintiffs argue that Defendants have admitted liability by default, but "there is no evidence of [D]efendants' current compliance with the [FLSA] let alone any intent to comply in the future." (See Def. Obj. 4–5.)

The FLSA permits a district court to grant prospective injunctive relief to prevent future violations. 29 U.S.C. § 217; see Brock v. Casey Truck Sales, Inc., 839 F.2d 872, 879 (2d Cir. 1988). The court must evaluate "the previous conduct of the employer and the dependability of his promises of future compliance." Brock v. Wackenhut Corp., 662 F. Supp. 1482, 1488 (S.D.N.Y. 1987) (citations omitted); see also Reich v. Waldbaum, Inc., 833 F. Supp. 1037, 1053 (E.D.N.Y.

P-049

1993), rev'd in part on other grounds, 52 F.3d 35 (2d Cir. 1995). Magistrate Judge Orenstein found that Defendants' conduct "does not approach the level of recalcitrance that would justify an injunction against future violations" because "the evidence does not establish that the defendants acted willfully in underpaying their employees." (Report at 30.) He also found that Defendants' initial cooperation with the investigation distinguishes this case from Waldbaum, where the defendants failed to comply with the Secretary's investigation. (Report at 30.)

The Court has reviewed de novo the portions of the Report to which the Secretary objects. The Secretary's objections do not raise new legal or factual arguments not previously considered by Magistrate Judge Orenstein. Upon review of the record, the Court agrees with Magistrate Judge Orenstein's analysis and findings. Accordingly, this Court affirms and adopts the Report in its entirety.

**SO ORDERED.**

DATED: March 29, 2011
Brooklyn, New York

Hon. Sterling Johnson, Jr., Senior U.S.D.J.

5

P-049